UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RELIANCE INSURANCE COMPANY,
a Pennsylvania Corporation,

                Plaintiff,

    -against-

POLYVISION CORPORATION, a New
York Corporation f/k/a/ INFORMATION
DISPLAY TECHNOLOGY, INC.,

                Defendant.
----------------------------------------------------------X
POLYVISION CORPORATION, f/k/a/
INFORMATION DISPLAY TECHNOLOGY,
INC.,

                Third Party Plaintiff,

    -against-

SOVEREIGN COMMERCIAL GROUP, INC.

                Third Party Defendant.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  OCT 26 2005  ★

LONG ISLAND OFFICE

**MEMORANDUM AND ORDER**

CV 05-1162

(Wexler, J.)

APPEARANCES:

    POST & SCHELL, P.C.
    BY: GARY A. WILSON, ESQ.
        JOHN W. DORNBERGER, ESQ.
    Attorneys for Plaintiff
    Four Penn Center
    1600 John F. Kennedy Boulevard
    Philadelphia, PA 19103

1

BIVONA & COHEN, P.C.
BY: MICHAEL C. MODANSKY, ESQ.
Attorneys for Defendant/Third Party Plaintiff
88 Pine Street
New York, New York 10005-1886

COSTELLO, SHEA & GAFFNEY LLP
BY: STEVEN E. GARRY, ESQ.
Attorneys for Third Party Defendant
44 Wall Street
New York, New York 10005

WEXLER, District Judge

In this diversity case, Plaintiff seeks reimbursement for payments allegedly made as a surety on certain performance bonds. The payments sought to be reimbursed were made in connection with a school construction project that was begun in 1987. In a memorandum and order of this court dated October 3, 2005 (the "October 3 Opinion"), the court dismissed the case on the ground that the statute of limitations had run and Plaintiff was not entitled to take advantage of a "savings" provision set forth in Section 205 of the New York State Civil Practice Laws and Rules ("Section 205").

The court here will not reiterate the legal holdings set forth in the October 3 Opinion. Essentially, however, this court held that Section 205 did not apply here because the Plaintiff in this action is not the same company that litigated an earlier dismissed state court action. While the court noted the relationship between the entity that prosecuted the state court action and Plaintiff here, it was held that the two entities are not the same company and that Section 205 could not be relied upon to render this action timely.

Presently before the court is Plaintiff's motion to reconsider the October 3 Opinion.

2

Plaintiff takes the position that this court misconstrued the nature of its corporate relationship with the plaintiff in the state court action, and that this misconception requires a different result. The motion to reconsider is opposed by both the defendant and third party defendant.

Motions for reconsideration are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence or (3) a need to correct a clear error or prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 F.2d 1245, 1255 (2d Cir. 1992); Almonte v. City of Long Beach, 2005 WL 1971014 *1 (E.D.N.Y. 2005). "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court has overlooked . . . ." Nowacki v. Closson, 2001 WL 175239 *1 (N.D.N.Y. 2001), quoting, Shrader v. CSX Transportation, Inc., 70 F.3d 255, 256-57 (2d Cir. 1995). The burden on the movant is high to ensure finality in decisions, discourage repetitive arguments and to prevent a losing party from rearguing a decision after examination in an attempt to correct prior inadequacies. See id.; see also Altamonte, 2005 WL 1971014 at *1. The party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Altamonte, 2005 WL 1971014 at *1 (quoting Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991).

The court has considered the moving papers and, upon such consideration in light of the standards referred to above, the court sees no reason to change its prior decision in this matter.

3

## CONCLUSION

Plaintiff's motion to reconsider this court's dismissal of the complaint is denied. The Clerk of the Court is directed to terminate any outstanding motions.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
October 26, 2005